UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22521-CIV-SCOLA/OTAZO-REYES
(NO. 10-20855-CR-MGC)

CARL RICHARD SAMSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Carl Richard Samson's ("Samson" or "Movant") Motion Under 28 U.S.C. § 2255 ("Section 2255") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Motion to Vacate") [D.E. 5]. This matter was referred to the undersigned by the Honorable Robert N. Scola, Jr., United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 21]. The undersigned held a hearing on this matter on August 17, 2017 [D.E. 29]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Vacate be DENIED.

## PROCEDURAL BACKGROUND

On September 9, 2011, Samson was charged by way of a Superseding Indictment (hereafter, "Indictment") in Case No. 10-20855-CR-MGC (hereafter, "Case 10-20855") with the following crimes:

| | |
|---|---|
| Count 1: | Conspiracy to commit Hobbs Act Robbery, on November 11, 2010, in violation of 18 U.S.C. § 1951(a). |
| Count 2: | Attempted Hobbs Act Robbery, on November 11, 2010, in violation of 18 U.S.C. § 1951(a) and 2. |

| | |
|---|---|
| Count 3: | Knowingly using and carrying a firearm during and in relation to a crime of violence and knowing possession of a firearm in furtherance of a crime of violence, namely, conspiracy to commit Hobbs Act Robbery and Attempted Hobbs Act Robbery, as charged in Counts 1 and 2, on November 11, 2010, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. |

See Indictment [Case 10-20855, D.E. 208 (docketed on 9/12/2011)].

On February 16, 2012, a jury found Samson guilty as to all three Counts of the Indictment [Case 10-20855, D.E. 270 (docketed 2/17/2012)]. On June 13, 2012, Samson was sentenced to a term of 320 months, consisting of: 200 months as to Counts 1 and 2 to be served concurrently; and 120 months as to Count 3, to be served consecutively to Counts 1 and 2. See Judgment [Case 10-20855, D.E. 297 (docketed on 6/14/2012)]. On January 6, 2014, the Eleventh Circuit affirmed the judgment [Case 10-20855, D.E. 347]. On June 23, 2014, the United States Supreme Court denied Samson's petition for writ of certiorari [Case 10-20855, D.E. 351 (docketed on 6/30/2014)].

On June 27, 2016, Samson filed the Motion to Vacate, relying on the United States Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015) that the Armed Career Criminal Act's ("ACCA") "residual clause" is unconstitutionally vague and arguing that conspiracy to commit Hobbs Act Robbery and attempted Hobbs Act Robbery no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(1)(A). See Motion to Vacate [D.E. 5 at 14]. On July 19, 2016, the Eleventh Circuit granted Samson leave to file the Motion to Vacate as a successive Section 2255 motion. See Eleventh Circuit Opinion [D.E. 14].

## APPLICABLE LAW

Title 18, United States Code, Section 924(c) (hereafter, "Section 924(c)") provides in pertinent part:

> **(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> \*\*\*
>
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> \*\*\*
>
> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). The first clause of Section 924(c)(3) is sometimes referred to as the Section 924(c) "use-of-force" clause and the second one as the Section 924(c) "residual clause." In re Gordon, 827 F.3d 1289, 1293 (11th Cir. 2016).

The ACCA provides that any person who violates 18 U.S.C. § 922(g)—possession of a firearm by a convicted felon—and has three previous convictions for a violent felony or a serious drug offense, shall be imprisoned for at least 15 years. 18 U.S.C. § 924(e)(l). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

>   (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

3

    (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is the "elements clause;" and the second prong contains the "enumerated crimes clause" and the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court held in Johnson that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. Johnson, 135 S. Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson announced a new, substantive rule that applies retroactively to cases on collateral review. Id. at 1264-65.

Samson contends that the invalidation of the ACCA's residual clause similarly applies to the "residual" clause of Section 924(c); and that, as a result, he is actually innocent of the charge in Count 3 for which he received a consecutive sentence of 10 years. See Motion to Vacate [D.E. 5 at 14].

In granting Samson leave to file a successive Section 2255 motion, the Eleventh Circuit stated:

> Assuming, without holding, that *Johnson* impacts the validity of the definition of "crime of violence" in § 924(c)(3)(B), Samson has made a *prima facie* showing that he has raised a claim that meets the statutory criteria. It is unclear whether Samson's conspiracy and attempted Hobbs Act robbery convictions involved the use, attempted use, or threatened use of physical force against another. While, post-*Johnson,* we have held that substantive Hobbs Act robbery qualifies as a companion crime of violence under § 924(c), we have not addressed whether conspiracy and attempted Hobbs Act robbery qualify as crimes of violence under § 924(c). See *Saint Fleur,* 2016 U.S. App.

4

> LEXIS 10395, at *9-10; Pinder, 2016 U.S. App. LEXIS 10395, at *4 n.1. Moreover, it is not clear that Samson's conspiracy and attempted Hobbs Act robbery convictions qualify as crimes of violence under§ 924(c)(3)(A)'s use-of-force clause without regard to§ 924(c)(3)(B)'s residual clause. Here, we are unable to say, at this stage, that Samson's § 924(c) conviction and sentence would be valid even if Johnson makes the § 924(c)(3)(B) residual clause unconstitutional.

See Eleventh Circuit Opinion [D.E. 14 at 8-9].[1]

The government contends that Johnson does not apply to Section 924(c)'s residual clause or, if it applies, Samson has the necessary crimes of violence to satisfy Section 924(c)'s "use-of-force" clause. The government also argues that Samson's Motion to Vacate is procedurally defaulted because Samson cannot show actual prejudice or that he is actually innocent of Count 3.[2]

## DISCUSSION

### 1. *Samson has the requisite crime of violence conviction for application of Section 924(c).*

The crime of attempted Hobbs Act Robbery charged in Count 2 qualifies as a crime of violence prong under the "use-of-force" clause of Section 924(c). In United States v. Hill, 832 F.3d 135 (2d Cir. 2016), the Second Circuit addressed the question of "whether Hobbs Act robbery is a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)." Id. at 138. Specifically, the court considered whether "Hobbs Act robbery fails to categorically constitute a crime of violence under the statute's 'force clause,' § 924(c)(3)(A)." Id.[3] After conducting a thorough analysis of this issue, the court concluded that Hobbs Act Robbery does satisfy Section

---

[1] The Eleventh Circuit denied Samson's application to the extent that he challenged the validity of his career-offender designation under the Sentencing Guidelines. Id. at 13.

[2] "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). The exceptions to this procedural bar are "cause and prejudice" and "actual innocence." Id.

[3] "Under the categorical approach, a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Johnson, 135 S. Ct. at 2557 (citation omitted).

5

924(c)'s "use-of-force" clause. Id. at 138-44. The Second Circuit's analysis is instructive and persuasive and supports the conclusion that "Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Id. at 144 (citing 18 U.S.C. § 924(c)(3)(A)). The undersigned finds this analysis persuasive. Moreover, because Section 924(c)'s "use-of-force" clause includes attempted use of physical force, the Hill court's analysis applies equally to attempted Hobbs Act Robbery. Therefore, attempted Hobbs Act Robbery qualifies as a crime of violence under Section 924(c)'s "use-of-force" clause.[4]

### 2. *Johnson* does not render Section 924(c)'s residual clause unconstitutionally vague

Even assuming that Samson does not have the requisite crime of violence to satisfy Section 924(c)'s "use-of-force" clause, he cannot show that he is actually innocent of the charge in Count 3. In Ollaves v. United States, 861 F.3d 1257 (11th Cir. 2017), the Eleventh Circuit decided that "Johnson's void-for-vagueness ruling does not extend to the "risk-of-force" clause in § 924(c)(3)(B), [hence] that clause remains valid." Id. at 1267. Therefore, the undersigned concludes that, contrary to his contention, Samson cannot overcome Section 2255's procedural default bar on the basis of actual innocence.[5]

### CONCLUSION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Samson's Motion to Vacate be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable

---

[4] Given this conclusion, the undersigned need not consider whether conspiracy to commit Hobbs Act Robbery is also a "crime of violence."

[5] Given this determination, the undersigned need not address the alternative exception of cause and actual prejudice to procedural bar.

Robert N. Scola, Jr.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 6th day of February, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record