United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carl Richard Samson, Movant | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16–22521-Civ-Scola |
| United States of America, | ) |
| Respondent. | ) |

## Order on Magistrate Judge's Report and Recommendations

This case was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. Judge Otazo-Reyes issued a report recommending that the Court deny Carl Richard Samson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 5).[1] (Report of Magistrate Judge, ECF No. 31.) Mr. Samson filed objections to Judge Otazo-Reyes's Report. (Objections to Report, ECF No. 32.) Accordingly, the Court has reviewed the portions of Judge Otazo-Reyes's Report that Mr. Samson objected to *de novo*, *see* 28 U.S.C. 636, and the remaining portions for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Mr. Samson was convicted by a jury of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1915(a) (Count 1); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1915(a) and (2) (Count 2); and, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2) (Count 3). (Case No. 10-cr-20855, ECF No. 297 at 1.) Mr. Samson was sentenced to two concurrent sentences of 200 months' imprisonment for the first two counts, and a consecutive sentence of 120 months' imprisonment for the third count, with a supervised release term of five years. (*Id.* at 2–3.) Mr. Samson previously directly appealed his convictions, which were affirmed (Case No. 10-cr-20855, ECF No. 347), and filed a motion to vacate under § 2255, which this Court denied (Case No. 10-cr-20855, ECF No. 355). Mr. Samson's second motion to vacate is now before the Court (ECF No. 5). Mr. Samson initially raised two arguments in his pro se motion to vacate (ECF Nos. 1, 4), which the Eleventh Circuit reviewed pursuant

---

[1] Mr. Samson initially filed a pro se motion to vacate, with a corresponding memorandum of law in support of his motion (ECF Nos. 1, 4). Mr. Samson subsequently filed another motion to vacate, which was prepared by counsel (ECF No. 5). The Court has reviewed both motions. The Court, however, relies on the counseled motion when discussing Mr. Samson's motion to vacate. Judge Otazo-Reyes similarly cited to this version in her Report.

to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). (Order on Appl. to File Second or Successive Mot., ECF No. 14.) The Eleventh Circuit, however, denied Mr. Samson leave to file a second or successive petition on the argument Mr. Samson presented regarding the residual clause of the Sentencing Guidelines and he has since withdrawn this argument. (Notice of Withdrawal, ECF No. 20.)

The remaining basis for Mr. Samson's second-in-time motion to vacate his sentence is that, following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction under § 924(c) should be vacated because his convictions for conspiracy to commit Hobbs Act robbery and attempt to commit Hobbs Act robbery do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(B). The Supreme Court in *Johnson* determined that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The *Johnson* decision was then made retroactive under *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Mr. Samson argues that the residual clause analyzed in *Johnson* is similar enough to the language in 18 U.S.C. 924(c)(3)(B) that *Johnson*'s void-for-vagueness determination applies to his case. Relatedly, Mr. Samson's motion asserts that his two companion convictions for conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are not crimes of violence under § 924(c)(3)(A).

Since Mr. Samson's motion is second or successive, Mr. Samson's motion had to be "certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Relatedly, 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." As a result, the Eleventh Circuit had to certify that Mr. Samson's motion contained one of the two bases for bringing a second or successive petition. *See* 28 U.S.C. § 2255(h)(1)–(2). Here, the Eleventh Circuit granted Mr. Samson's motion to file a second or successive motion pursuant to § 2255(h)(2) as to his *Johnson* claim, concluding that Mr. Samson made a prima facie showing that he was sentenced under the "residual clause" of § 924(c) and consequently, his claim fell within the substantive rule announced in *Johnson*, which the panel assumed would impact convictions under § 924(c). (Order, ECF No. 14.)

Upon reviewing Mr. Samson's motion to vacate, Judge Otazo-Reyes recommended that his motion be denied. (Report, ECF No. 31.) Judge Otazo-Reyes first concluded that Mr. Samson's § 924(c) conviction was based on a crime of violence under the use-of-force clause of § 924(c)(3)(A). In particular,

Judge Otazo-Reyes found that attempt to commit Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), relying on a Second Circuit case, *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016). Next, Judge Otazo-Reyes concluded that even assuming that Mr. Samson was not convicted under the use-of-force clause, *Johnson* did not render § 924(c)(3)(B) unconstitutionally vague as recently determined by the Eleventh Circuit in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), so Mr. Samson cannot overcome § 2255's procedural bar on the basis of actual innocence.

Upon reviewing Judge Otazo-Reyes's report, the record, and the relevant legal authorities, the Court determines that Mr. Samson's second motion to vacate cannot proceed because it does not meet the requirements of § 2255(h). As a result, the Court cannot adopt Judge Otazo-Reyes recommendations to the extent they are merits determinations. In particular, the Court passes no judgment on whether attempt to commit Hobbs Act robbery or conspiracy to commit Hobbs Act robbery are crimes of violence under the use-of-force clause of § 924(c)(3)(A) because those questions are not properly before the Court.

As the Eleventh Circuit panel clarified in its order granting Mr. Samson leave to file his second or successive motion to vacate, "the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met." (Order, ECF No. 14 at 12.) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357 (11th Cir. 2007)). As reiterated by the Eleventh Circuit in *In re Moss*, 703 F.3d 1301 (11th Cir. 2013), the district court is bound to decide "fresh" the issue of whether § 2255(h) criteria are met, and if so, proceed to considering the merits of the § 2255 motion. *Id.* at 1303 (quoting *Jordan*, 485 F.3d at 1358).

Relevant here, § 2255(h)(2) states that a movant must show that there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" in order to file a second or successive motion to vacate. When the Eleventh Circuit granted Mr. Samson leave to file his second or successive motion, it had not yet resolved the question of whether *Johnson* invalidated § 924(c)(3)(B), and the panel was assuming—without holding—that Mr. Samson's motion could be filed pursuant to *Johnson*.

The Eleventh Circuit has since determined in *Ovalles* that *Johnson*'s void-for-vagueness determination in the ACCA context does not extend to § 924(c)(3)(B) and remains valid. *Ovalles*, 861 F.3d at 1263–67. We are bound by *Ovalles*, and as result, Mr. Samson's motion to vacate cannot proceed. The Court recognizes that in his objections, Mr. Samson alerted the Court to the fact that the mandate has not yet issued for *Ovalles* and that he asked the Court to stay this case until the Supreme Court decides *Sessions v. Dimaya*, S.

Ct. No. 15-1498, a case Mr. Samson believes will impact the Eleventh Circuit's resolution of *Ovalles*. The Court declines Mr. Samson's invitation to stay this case because the Court is bound by *Ovalles* notwithstanding the fact that the mandate has not yet issued; in fact, the Eleventh Circuit continues to apply *Ovalles* despite this fact. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (recognizing that panel was bound by case that had its mandate stayed pending the filing of petition for writ of certiorari and stating that "the stay in no way affects the duty of this panel or courts in this circuit to apply now the precedent established . . . as binding authority"); *King v. United States*, No. 17-11053, 2018 WL 566319, at *1 (11th Cir. Jan. 26, 2018) (applying *Ovalles* and stating "[w]e are bound by this Court's prior precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court"); *see also Godbee v. United States*, 711 F. App'x 588, 588-89 (11th Cir. 2018); *Williams v. United States*, 709 F. App'x 676, 676 (11th Cir. 2018). Moreover, the Eleventh Circuit recently declined to stay one of its cases on the basis that *Dimaya* is pending before the Supreme Court, finding the issues raised in *Dimaya* inapplicable to § 924(c) cases. *See United States v. St. Hubert*, 883 F.3d 1319, 1336–37 (11th Cir. 2018).

Accordingly, the Court **adopts the Report in part** to the extent it denies relief to Mr. Samson but **declines to adopt** Judge Otazo-Reyes's Report to the extent it reaches the merits of Mr. Samson's motion to vacate, and **dismisses** Mr. Samson's motion to vacate (ECF No. 5). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on April 3, 2018.

Robert N. Scola, Jr.
United States District Judge