United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carl Richard Samson, Movant | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16–22521-Civ-Scola |
| United States of America, | ) |
| Respondent. | ) |

### Order Denying Motion to Alter or Amend

This matter comes before the Court upon Movant Carl Samson's motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). Upon review of the record and the relevant legal authorities, the Court **denies** Samson's motion (**ECF No. 34**).

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks and citations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through— rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (internal citations and alterations omitted).

This Court previously dismissed Samson's second motion to vacate based on the then-binding Eleventh Circuit panel opinion in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017) ("*Ovalles I*"). The *Ovalles* panel held that the

Supreme Court's void-for-vagueness determination as to the residual clause of the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B)(ii), in *Johnson v. United States*, 135 S. Ct. 2552 (2015), did not extend to or invalidate 18 U.S.C. § 924(c)(3)(B). *Ovalles I*, 861 F.3d at 1265–67. Although the mandate in *Ovalles* had not yet issued at the time the Court issued its order, the Court determined that it was bound by the panel's decision. (Order, ECF No. 33 at 3–4.) The Court also declined to stay the case pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*Id.* at 4.)

Samson informs the Court in his present motion that the Supreme Court's holding in *Dimaya* that 18 U.S.C. § 16(b) is unconstitutionally vague placed the future of the *Ovalles* panel opinion into a state of uncertainty. (Mot., ECF No. 34.). Samson therefore asks that the Court to "hold the instant motion pending resolution of the *Ovalles* case or resolution of an equivalent post-*Dimaya* decision by the Eleventh Circuit." (*Id.* at 2.)

During the pendency of Samson's motion, the Eleventh Circuit vacated the *Ovalles I* panel opinion, reheard the case en banc, and issued an en banc opinion on the issue of whether § 924(c)(3)(B) was unconstitutionally vague. *See Ovalles v. United States*, 905 F.3d 1231, 1244 (11th Cir. 2018) ("*Ovalles II*"). Therefore, to the extent Samson asks only that the Court hold the instant motion until *Ovalles* is resolved, his motion is denied as moot.

Further, even considering the content of the en banc *Ovalles II* opinion, the Court finds that it need not alter its ultimate ruling. Although the en banc majority rejected the panel's bases for maintaining the validity of § 924(c)(3)(B), it still found § 924(c)(3)(B) to be constitutionally valid. *Id.* at 1239–1240. So, this Court's reason for dismissing Samson's second motion to vacate—that his motion did not contain a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *see* 28 U.S.C. § 2255(h)(2)—remains a prohibitive hurdle for Samson despite the Eleventh Circuit's ruling in *Ovalles II*.

Accordingly, the Court **denies** Samson's motion (**ECF No. 34**). This case shall remain **closed**.

**Done and ordered** at Miami, Florida on January 16, 2019.

Robert N. Scola, Jr.
United States District Judge